IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                                    CASE NO. 4:07-cr-00003-RH-GRJ

MARCUS JERMAINE SMITH,

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 53, a motion to vacate pursuant to 28 U.S.C. § 2255. The motion stems from Defendant's conviction for one count of possessing stolen firearms and one count of possessing firearms as a convicted felon, in violation of 18 U.S.C. §§ 922(j), (g)(1), and 924(a)(2) and 2. Defendant received a sentence of 120 months imprisonment on count one, to be served consecutive to a 90-month term of imprisonment on Count 2. Defendant contends that: (1) his trial counsel rendered ineffective assistance by assuring him that he would not receive a sentence in excess of 10 years; (2) his pleas were "involuntary, unknowing, and unintelligent" because he did not know he faced a potential maximum of 20 years, rather than 10 years; and (3) the court erred by failing to advise him of a maximum possible sentence of 20 years. The Government has filed a response in opposition, Doc. 59. Petitioner has not filed a reply. Upon due consideration, and for the following reasons, the undersigned recommends that the motion to vacate be denied.

## Background

Defendant was indicted on January 7, 2007 for one count of possessing stolen firearms and one count of possessing three firearms as a convicted felon.  (Doc. 1.)  On March 27, 2007, Defendant pleaded guilty to both charges pursuant to a written plea agreement; a statement of facts was filed.  (Docs. 19, 20, 21, 40.)  On July 2, 2007, Defendant was sentenced to a 120 month term of imprisonment on count one, to be served consecutively to a 90 month term of imprisonment on count two, followed by a three year term of supervised release.  Defendant was also ordered to pay restitution in the amount of $41,747.95.  (Docs. 29, 30, 41, 42.)  Defendant appealed his conviction to the Eleventh Circuit, which affirmed.  532 F.3d 1125 (11th Cir. 2007).  Defendant then filed the instant motion to vacate, alleging that trial counsel was ineffective for assuring him he would not receive more than a 10-year prison term; that his pleas were not voluntary; and that the court failed to advise him of the maximum penalties.  (Doc. 53.)

## Ineffective Assistance of Counsel

Because Defendant raises the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.  The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice.  *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir.

1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). This standard is objective, and "it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what reasonably could have motivated counsel." *Id*. "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption . . . that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold

a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).

## Discussion

Defendant contends that trial counsel was ineffective for allegedly assuring Defendant that he would not receive a sentence in excess of 10 years. (Doc. 53.) Trial

counsel, Armando Garcia, attests that he has no memory of telling Defendant he would receive a 10 year sentence if he pleaded guilty and denied that he would have done so because he generally does not predict probable sentences in federal criminal cases. (Doc. 59, Attachment 1.) Even assuming, *arguendo*, that trial counsel's performance was deficient, Defendant has failed to establish prejudice–i.e., that but for trial counsel's assurances, the outcome of the proceedings would have been different–because Defendant was informed in the plea agreement and directly by the court that he faced the potential of consecutive sentences up to a 20-year term of imprisonment. At the change of plea hearing, the Court expressly advised Defendant of his sentencing exposure:

> THE COURT: Let me talk to you about the maximum sentence that you face on these charges.
>
> On each count the maximum sentence that you face is 10 years in prison . . .Do you understand those maximum penalties?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And that's the penalty on each count. So, the maximum penalty of imprisonment that you face on both counts together is 20 years. Do you understand?
>
> THE DEFENDANT: Yes, sir.

(Doc. 40, p. 12.)

The Court also instructed Defendant that his attorney could not predict with perfect accuracy his guideline range and that if his attorney wrongly estimated the range, Defendant could not withdraw his plea. The Court told Defendant that under

Case 4:07-cr-00003-RH-GRJ   Document 64   Filed 01/27/12   Page 6 of 7

Page 6 of 7

certain circumstances, it could impose a sentence above or below the guideline range. Defendant told the Court that no one had made any promise about what sentence he would receive if he pleaded guilty and offered Defendant more time to speak with his attorney.  After these admonitions, Defendant pled guilty to both charges. (*Id.* at 13-17.)  The written plea agreement, which Defendant advised that he read word-by-word before signing, also expressly stated that Defendant faced a maximum of 10 years imprisonment on each count and that the parties agree that sentencing is left solely to the discretion of the court.  (Doc. 21.)  Accordingly, Defendant has failed to demonstrate prejudice and his claim for ineffective assistance of counsel fails.

In his second and third grounds for relief, Defendant alleges that his guilty pleas were "involuntary, unknowing, and unintelligent" because he was not aware he could face more than ten years and that the trial court erred "by failing to properly admonish [Defendant] of potential statutory maximum being imposed consecutively, yielding a possible penalty in excess of ten years." (Doc. 53, p. 7.)  Both claims are refuted by the record.  As discussed above, the trial court advised Defendant prior to his pleas that he could face up to 20 years in prison and Defendant, under oath, told the court that he understood these maximum penalties.  (Doc. 40, p. 12.)  The written plea agreement read and signed by Defendant also advised that each count could result in up to 10 years imprisonment.  (Doc. 21.)  Accordingly, Defendant's claims of involuntariness of his plea and trial court error are refuted by the record and fail on the merits.

## Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the motion to vacate, Doc. 53, be **DENIED** and that a certificate of

appealability be **DENIED.**

  **IN CHAMBERS**  this 27th day of January 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.